U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 27 2011

CLERK, U.S. DISTRICT COURT
by_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANTHONY RYAN CEDILLO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:11-CV-144-A |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Anthony Ryan Cedillo, a state prisoner currently incarcerated in Tennessee Colony, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division (hereinafter "TDCJ"), respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I. Factual and Procedural History

On September 12, 2007, a jury convicted petitioner, a repeat criminal offender, of possession of a controlled substance with intent to deliver in the Criminal District Court Number Two of

Tarrant County, Texas, and assessed his punishment at sixty years' confinement in TDCJ. (Clerk's R. at 73) Petitioner appealed his conviction, but the Second District Court of Appeals of Texas affirmed the trial court's judgment, and, on August 19, 2009, the Texas Court of Criminal Appeals refused his petition for discretionary review. *Cedillo v. State*, No. 02-07-360-CR, slip op. (Tex. App.-Fort Worth Dec. 18, 2008) (not designated for publication); *Cedillo v. State*, PDR No. 187-09. Petitioner did not seek writ of certiorari. (Pet. at 3)

Petitioner filed a state habeas application challenging his conviction on October 22, 2010, which was dismissed by the Texas Court of Criminal Appeals without written order for noncompliance with the court's form requirements on December 15, 2010. (01State Habeas R. at cover, 2, 40)[1] See TEX. R. APP. P. 73.2. On January 4, 2011, petitioner filed a second state habeas application, which was denied without written order by the Texas Court of Criminal Appeals on March 30, 2011. (02State Habeas R. at cover, 2) This petition was filed on February 24, 2011, in

---

[1]"01State Habeas R." refers to the state court record of petitioner's habeas application no. WR-75,061-01, and "02State Habeas R." refers to the state court record of his habeas application no. WR-75,061-02.

which petitioner challenges the same conviction on five grounds.[2] (Resp't MTD, Ex. A) Respondent has filed a motion to dismiss the action on limitations grounds. Petitioner did not reply to the motion.

## II. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

---

[2] A prisoner's habeas petition is typically deemed filed when it is placed in the prison mailing system for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). The petition in this case reflects petitioner placed it TDCJ's mailing system on February 7, 2011. (Pet. at 9) However, respondent has provided evidence suggesting the petition was not mailed by TDCJ until February 24, 2011. (Resp't MTD, Ex. A) Because petitioner did not reply to respondent's motion to dismiss explaining this delay, and because it would not alter the result, the petition is deemed filed on February 24, 2011.

3

>States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, petitioner's conviction became final and the one-year limitations period began to run upon expiration of the time that petitioner had for filing a petition for writ of certiorari in the United States Supreme Court on November 17, 2009, and closed one year later on November 17, 2010, absent any tolling. *See id.* §

2244(d)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13

Petitioner's first state habeas application, dismissed for noncompliance with the state's form requirements, was not "properly filed" and did not operate to toll the limitations period under § 2244(d)(2). *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Villegas v. Johnson,* 184 F.3d 467, 469-470 (5th Cir. 1999); *Broussard v. Thaler*, No. 09-20093, slip op., 2011 WL 701227 (5th Cir. Mar. 1, 2011) (not designated for publication). Nor does petitioner's second state habeas application, filed after the limitations period had already expired, operate to toll the limitations period for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Finally, petitioner did not respond to respondent's motion to dismiss, and the record does not reflect petitioner may be entitled to equitable tolling of the limitations period, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Petitioner's federal petition was due on or before November

17, 2010. His petition filed on February 24, 2011, was filed beyond the limitations period and is, therefore, untimely.

For the reasons discussed herein,

The court ORDERS respondent's motion to dismiss be, and is hereby granted, and the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED June 27, 2011.

JOHN McBRYDE
UNITED STATES DISTRICT JUDGE